**BROWN & CONNERY, LLP**
Susan M. Leming, Esquire
Andrew S. Brown, Esquire
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900
*Attorneys for AmGUARD Insurance Company*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| BPC RESTAURANT MANAGEMENT LLC (d/b/a THE STATION BAR AND GRILL),<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>　　　　　　Defendant. | **NOTICE OF REMOVAL** |

**TO:**　Clerk of the Court
　　　　United States District Court for the District of New Jersey
　　　　Clarkson S. Fisher Building & U.S. Courthouse
　　　　402 East State Street
　　　　Trenton, New Jersey 08608

**PLEASE TAKE NOTICE** that Defendant, AmGUARD Insurance Company ("AmGUARD"), by and through its undersigned counsel, hereby removes the above-captioned case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Superior Court of New Jersey, Law Division, Mercer County to the United States District Court for the District of New Jersey, Trenton Vicinage. In support of this Notice of Removal, AmGUARD respectfully states as follows:

## BACKGROUND

1. Plaintiff BPC Restaurant Management LLC, d/b/a The Station Bar and Grill ("BPC" or "Plaintiff") instituted litigation against AmGUARD on or about March 14, 2022, through the filing of a complaint in the Superior Court of New Jersey, Law Division, Mercer County (the "State Court"), captioned *BPC Restaurant Management LLC (d/b/a The Station Bar & Grill) v. AmGuard Insurance Company* and assigned docket number MER L-000471-22 (the "Complaint").

2. As required by 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint and all associated papers filed before the State Court are attached as Exhibit A to this Notice of Removal. The State Court has not entered any orders in this action.

3. The Complaint seeks a declaratory judgment for the purposes of determining the scope and amount of insurance coverage allegedly due and owing to BPC under the policy issued by AmGUARD (the "Policy").

4. The Commissioner of the New Jersey Department of Banking and Insurance accepted service on AmGUARD's behalf on March 16, 2022. This removal is being filed within thirty (30) days of March 16, 2022. Thus, removal is timely pursuant to Fed. R. Civ. P. 6(a) 28 U.S.C. § 1446(b).

**The Court Has Diversity Jurisdiction Pursuant to 28 U.S.C. §§ 1332, 1441(A)**

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity between BPC and AmGUARD and the amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs. For purposes of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the states where (1) it is incorporated and (2) its principal place of business is located. The Third Circuit has explained that "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013). "For complete

diversity to exist, all of the LLC's members must be diverse from all parties on the opposing side." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (internal quotation marks and citation omitted).

6. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

### *The Parties Are Citizens of Different States*

7. Diversity of citizenship exists between BPC and AmGUARD, the relevant parties in this action.

8. BPC is a New Jersey limited liability corporation whose member is a New Jersey citizen and with its principal place of business located at 99 Center Street, Garwood, New Jersey. *See* Ex. A, Compl. ¶ 1; Ex. B, Business Entity Status Report.

9. AmGUARD is a Pennsylvania corporation with its principal place of business at 39 Public Square, Wilkes-Barre, Pennsylvania. *See* Ex. A, Compl. ¶ 2.

### *The Amount in Controversy Exceeds $75,000*

10. Plaintiff is asking this Court to order Defendant to provide more than $75,000 of insurance coverage to Plaintiff. That demonstrates the amount in controversy is in excess of $75,000.

11. BPC owns and operates a restaurant in Garwood, New Jersey. Compl. ¶ 17. BPC seeks coverage for alleged business interruption losses and extra expenses it has incurred due to COVID-19-related government social distancing orders. *Id.* ¶¶ 31, 33. BPC asserts that orders of the New Jersey Governor "limited the scope and hours of operation for restaurants" beginning on March 16, 2020 and then, on March 21, 2020, the New Jersey Governor limited restaurants "to offer only food delivery and/or take-out service." *Id.* ¶ 12–13.

12. BPC alleges that it "was forced to close its business to the public" and that "as a result

of" the New Jersey Governor's social distancing orders, it "could not use the restaurant and bar space, was limited to strictly take out service and was forced to operate during reduced hours and close early." *Id.* ¶ 18. The Complaint does not allege that BPC has fully re-opened its restaurant to the public, but rather alleges that its purported losses are ongoing. *Id.* ¶ 31 ("Plaintiff ***is*** suffering significant business losses and extra expenses as a result of the [o]rders, and coverage is vital to Plaintiff's ability to continue as a business.").

13. The Complaint alleges that BPC "has suffered ***a substantial loss*** of business and income as a result of the [o]rders" and "has been forced to lay off staff." *Id.* ¶ 18.

14. The Complaint seeks declaratory relief for AmGUARD's denial of BPC's insurance claims. *Id.* ¶¶ 29–35. Under the Policy, assuming all other terms and conditions are satisfied, Business Income and Extra Expense coverage is provided for "Actual Loss Sustained up to 12 Months." *See* Ex. C (Policy Declarations) at A59.

15. The amount in controversy requirement is satisfied because the value of the declaratory relief Plaintiff seeks exceeds $75,000. *See Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 398 (3d Cir. 2016) ("[I]t is well established that the amount in controversy [in such actions] is measured by the value of the object of the litigation") (internal citation omitted); *see also Singer v. Cont'l Cas. Co.*, 2008 WL 11510678, at *3 (D.N.J. June 27, 2008) (noting that "[i]n determining the amount in controversy in a declaratory judgment action, a court must look at the value of the underlying claims for which insurance coverage is sought") (internal citation omitted).

16. BPC reported to AmGUARD for the policy period of June 1, 2019 – June 1, 2020 that its annual revenue was $480,000, or $40,000 per month. *See* Ex. C (Policy Declarations) at A56. Thus, a 75% reduction in revenue (to account for any continuing revenue from takeout operations) over just the first six weeks following the social distancing orders would represent a reduction in

4

revenue of over $75,000. Indeed, even assuming just a 50% percent reduction in revenue over the twelve months of coverage provided by the Policy as a result of the Orders, Plaintiffs would have revenue losses of over $240,000. *See Estrumil LLC v. Am. Auto. Ins. Co.*, 2021 WL 2073953, at *2–3 (D.N.J. Feb 9, 2021) (concluding in COVID-19 coverage litigation that loss of expected gross revenue established amount in controversy above jurisdictional threshold); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a *reasonable* reading of the value of the rights being litigated.") (emphasis added); *Hubbard v. Diaz,* 2017 WL 436252, at *2 (D.N.J. Jan. 31, 2017) (noting that various allegations in complaint can "provide[] information from which it could be extrapolated that the amount in controversy likely exceeded the jurisdictional threshold"); *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 507 (3d Cir. 2014) (explaining that estimate of amount in controversy can be based on assumptions that are "grounded on some reasonable inference that can be drawn from fact").

17. Moreover, Plaintiff seeks coverage for "significant" "extra expenses" (Compl. ¶ 31), defined in the Policy to include expenses incurred to avoid or minimize the suspension of operation or repair and replace any property. Ex. C (Policy) at A11. This only further demonstrates that Plaintiff seeks in excess of $75,000.

18. A written notice of the filing of this removal is being served on all adverse parties and a copy of the notice filed with the Clerk of the Superior Court from which this action is removed, along with a copy of this Notice of Removal.

19. No admission of fact, law or liability is intended by this Notice of Removal, and AmGUARD expressly reserves all defenses, affirmation of defenses and motions. AmGUARD reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendant AmGUARD Insurance Company hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Mercer County, to this Court and requests that all further proceedings be conducted in this Court, as required by law.

                                        Respectfully submitted,

                                        **BROWN & CONNERY, LLP**
                                        *Attorneys for AmGUARD Insurance Company*

Dated:  April 15, 2022                   s/ *Susan M. Leming*
                                        Susan M. Leming, Esquire

## CERTIFICATE OF SERVICE

I, Susan M. Leming, of full age, certify as follows:

1. I am a partner with the law firm of Brown & Connery, LLP, attorneys for Defendant AmGuard Insurance Company in this matter. I make this certification pursuant to Fed. R. Civ. P. 5 and L. Civ. R. 5.1.

2. On April 15, 2022 I served a copy of Defendant's Notice of Removal as follows:

**Clerk, United States District Court**
District of New Jersey
Clarkson S. Fisher Building
402 East State Street
Trenton, NJ 08608
(**Via Electronic Filing**)

All Counsel of Record
(**Via Electronic Filing and Email**)

3. I certify that the foregoing statements are true. If any of these statements are willfully false, I am subject to punishment.

**BROWN & CONNERY, LLP**
*Attorneys for AmGUARD Insurance Company*

Dated: April 15, 2022    By:   s/ *Susan M. Leming*
                               Susan M. Leming, Esq.