# EXHIBIT A

Summons ................................................................... A1-A3

Complaint ................................................................ A4-A15



# State of New Jersey
Department of Banking and Insurance
Office of the Commissioner
PO Box 325
Trenton, NJ 08625-0325

Tel (609) 633-7667

Phil Murphy
*Governor*

Sheila Oliver
*Lt. Governor*

Marlene Caride
*Commissioner*

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

3/16/2022

Attention: BRIAN HENES, ESQ.
VICE PRESIDENT OF CLAIMS
AMGUARD INSURANCE COMPANY
P.O. BOX A-H
WILKES-BARRE, PA 18703-0020

RE: BPC Restaurant Management LLC d/b/a The Station Bar & Grill v.
    AmGUARD Insurance Company
    Superior Court of New Jersey, Mercer County Law Division
    Docket No.: MER-L-471-22

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of Banking and Insurance has accepted original service of process on your behalf in the above-captioned matter. The documents served are enclosed herein.

By copy of this letter I am advising the attorney for the Plaintiff(s) in this matter that these documents have been transmitted to you, and confirming that the Commissioner of Banking and Insurance is not authorized to receive service of any further documents in this action.

Very Truly Yours,

Debra A. Mullen
Administrative Assistant

C: Ralph P. Ferrara, Esq.
   1 Holtec Drive, Suite G102
   Marlton, NJ 08053

---

*Visit us on the Web at dobi.nj.gov*

*New Jersey is an Equal Opportunity Employer* *Printed on Recycled Paper and Recyclable*

A1

Scanned By: DYeninas On: 3/24/2022 8:09 AM

## SUMMONS

| | | |
|---|---|---|
| Attorney(s) | Ralph P. Ferrara, Esquire | |
| Office Address | 1 Holtec Drive | |
| | Suite G102 | |
| Town, State, Zip Code | Marlton, NJ 08053 | |
| Telephone Number | (609) 571-3738 | |
| Attorney(s) for Plaintiff | | |

BPC RESTAURANT MANAGEMENT LLC (d/b/a THE STATION BAR & GRILL

    Plaintiff(s)

Vs.
AMGUARD INSURANCE COMPANY

    Defendant(s)

## Superior Court of New Jersey

Mercer     COUNTY
LAW     DIVISION

Docket No: MER-L-471-22

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle Smith
Clerk of the Superior Court

DATED: 03/15/2022

Name of Defendant to Be Served: AMGUARD INSURANCE CO. c/o NJ DEPT OF BANKING & INS

Address of Defendant to Be Served: 20 W. STATE ST., TRENTON, NJ 08625

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

A2

MER L 000471-22  03/15/2022 4:43:13 AM  Pg 1 of 1 Trans ID: LCV20221070483

```
MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON         NJ 08650-0068
                                      TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM

                       DATE:   MARCH 14, 2022
                       RE:     BPC RESTAURANT MANAG EMENT LLC  VS AMGUARD INSURA
                       DOCKET: MER L -000471 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DOUGLAS H. HURD

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    050
AT:  (609) 571-4200 EXT 74432.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                      ATTENTION:
                                ATT: RALPH P. FERRARA
                                FERRARA LAW GROUP, PC
                                1 HOLTEC DR
                                STE G102
                                MARLTON         NJ 08053

ECOURTS
```

A3

**FERRARA LAW GROUP, P.C.**
Ralph P. Ferrara, Esquire (ID #024521985)
Kevin J. Kotch (ID #050341993)
1 Holtec Drive, Suite G102
Marlton, New Jersey 08053
P: (609) 571-3738
F: (609) 498-7440
*Attorneys for Plaintiff*

| | |
|---|---|
| **BPC RESTAURANT MANAGEMENT LLC (d/b/a THE STATION BAR & GRILL)**<br><br>*Plaintiff,*<br><br>v.<br><br>**AMGUARD INSURANCE COMPANY**<br><br>*Defendant.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br>MERCER COUNTY<br><br>DOCKET NO. L-_____-_____<br><br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

## COMPLAINT

Plaintiff BPC Restaurant Management LLC (d/b/a The Station Bar & Grill) by and through its attorneys and by way of Complaint against Defendant AmGUARD Insurance Company ("Defendant" or "AmGUARD") alleges and states the following:

### I.   PARTIES

1.   Plaintiff BPC Restaurant Management LLC (d/b/a The Station Bar & Grill) ("Plaintiff") is a New Jersey Limited Liability Company with its principal place of business located at 99 Center Street, Garwood, New Jersey 07027.

2.   Upon information and belief, Defendant AmGUARD Insurance Company ("Defendant" or "AmGUARD") is a Pennsylvania corporation with its principal place of business at 39 Public Square, Wilkes Barre, Pennsylvania 18703.

1

## II.   JURISDICTION AND VENUE

3.   This Court has jurisdiction pursuant to N.J.S.A. 2A:16-50 to N.J.S.A. 2A:16-62 to issue declaratory relief regarding the insurance coverage provided by AmGUARD.

4.   This Court has personal jurisdiction over AmGUARD as it is licensed to issue insurance policies in the State of New Jersey, regularly does business within the State of New Jersey and issued insurance to Plaintiff in New Jersey.

5.   Venue in this Court is proper pursuant to New Jersey Court Rules 4:3-2(a) and 4:3-2(b), because AmGUARD does business by issuing insurance policies throughout the State of New Jersey, including in Mercer County, and may be served in Mercer County by service upon the Commissioner of Banking and Insurance.

## III.   FACTS

**A.   The Insurance Coverage.**

6.   AmGUARD did issue to Plaintiff a policy of insurance (the "Policy") for the policy period June 1, 2019 to June 1, 2020.

7.   Plaintiff has paid all premiums due under the Policy, and the Policy is in full force.

8.   The Policy is comprehensive and includes coverage for commercial property, including but not limited to, loss of use of Plaintiff's building, personal property, and personal property of others under certain circumstances.

9.   The Policy provides coverage to Plaintiff for, among other things, business income, extra expense and civil authority relating to any covered loss under the Policy.

10.   The Policy is an "all risk policy", which covers all risks unless clearly and specifically excluded.

**B.      The Government Closure Of Non-Essential Businesses In New Jersey.**

11.     In March 2020, in response to the 2019 novel coronavirus disease (COVID-19), New Jersey Governor Philip Murphy declared a Public Health Emergency and State of Emergency in New Jersey.

12.     On March 16, 2020, Governor Murphy issued Executive Order 104 which, among other things, limited the scope and hours of operation for restaurants.

13.     On March 21, 2020, Governor Murphy issued Executive Order 107 which, among other things, ordered New Jersey residents to remain at home except to obtain takeout food or beverages from restaurants, other dining establishments or food courts. Executive Order 107 also limited restaurants, cafeterias, dining establishments and food courts to offer only food delivery and/or take-out service. Dining on the premises was not permitted.

14.     On April 7, 2020, Governor Murphy issued Executive Order 119 which extended the Public Health Emergency and State of Emergency in New Jersey.

15.     On April 11, 2020, Governor Murphy issued Executive Order 125 which placed further restrictions on restaurants, cafeterias, dining establishments and food courts, including limiting occupancy to 10% of stated maximum capacity, ensuring six feet of distance between workers and customers, except at the moment of payment and/or exchange of goods, and arranging for contactless pay and pickup/delivery options whenever feasible.

16.     The Executive Orders of Governor Murphy are collectively referred to as the "Orders."

C. **The Impact On Plaintiff's Business.**

17. Plaintiff operates The Station Bar & Grill in Garwood, New Jersey. The Station Bar & Grill is a sit down bar and restaurant offering a complete menu from bar snacks through dinner entrees.

18. The Station Bar & Grill was doing substantial business at the time it was forced to close its business to the public. As a result of the Orders, Plaintiff could not use the restaurant and bar space, was limited to strictly take out service and was forced to operate during reduced hours and close early. Plaintiff has suffered a substantial loss of business and income as a result of the Orders. Plaintiff has also been forced to lay off staff.

19. These limitations and closures of Plaintiff's business are the result of the Orders. To Plaintiff's knowledge, at no time has any employee or patron of Plaintiff been diagnosed with COVID-19.

20. The Orders physically impacted Plaintiff. Any effort by AmGUARD to deny the physical loss and damage would constitute a false and potentially fraudulent misrepresentation that could endanger Plaintiff and the public.

D. **Regulatory Estoppel.**

21. Defendant should be estopped from enforcing the Virus Exclusion, on principles of regulatory estoppel, as well as general public policy.

22. In 2006, two insurance industry trade groups, Insurance Services Office, Inc. ("ISO") and the American Association of Insurance Services ("AAIS"), represented hundreds of insurers in a national effort to seek approval from state insurance regulators for the adoption of the Virus Exclusion.

4

23. In their filings with various state regulators (including New Jersey), on behalf of the insurers, ISO and AAIS represented that the adoption of the Virus Exclusion was only meant to "clarify" that coverage for "disease-causing agents" has never been in effect, and was never intended to be included, in the property policies.

24. Specifically, in its "ISO Circular" dated July 6, 2006, and entitled "New Endorsements Filed to Address Exclusion of Loss Due to Virus or Bacteria," ISO represented to the state regulatory bodies that:

> While property policies have not been a source of recovery for losses involving contamination by disease-causing agents, the specter of pandemic or hitherto unorthodox transmission of infectious material raises the concern that insurers employing such policies may face claims in which there are efforts to expand coverage to create sources of recovery for such losses, contrary to policy intent.

25. The AAIS, in its "Filing Memorandum" in support of the Virus Exclusion, represented:

> Property policies have not been, nor were they intended to be, a source of recovery for loss, cost or expense caused by disease-causing agents. With the possibility of a pandemic, there is concern that claims may result in efforts to expand coverage to create recovery for loss where no coverage was originally intended....
>
> This endorsement clarifies that loss, cost, or expense caused by, resulting from, or relating to any virus, bacterium, or other microorganism that causes disease, illness, or physical distress or that is capable of causing disease, illness, or physical distress is excluded....

26. These representations by the insurance industry were false. By 2006, when the submissions were made, courts had repeatedly found that property insurance policies covered claims involving disease-causing agents, and had held on numerous occasions that any condition making it impossible to use property for its intended use constituted "physical loss or damage to such property."

5

A8

27. These assertions made by the insurance industry (including defendant) to obtain regulatory approval for the Virus Exclusion were in fact misrepresentations and for this reason, among other public policy concerns, insurers should now be estopped from enforcing the Virus Exclusion to avoid coverage of claims related to the COVID-19 pandemic.

28. In securing approval for the adoption of the Virus Exclusion by misrepresenting to the state regulators that the Virus Exclusion would not change the scope of coverage, the insurance industry effectively narrowed the scope of the insurance policy without a commensurate reduction in premiums charged. Under the doctrine of regulator estoppel, the Court should not permit the insurance industry to benefit from this type of duplicitous conduct before the state regulators.

## COUNT I – DECLARATORY JUDGMENT

29. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

30. Plaintiff requests that this Court determine its rights under the insurance policy issued by AmGUARD.

31. A declaratory judgment determining Plaintiff's right to coverage under the Policy will ensure that Plaintiff receive the coverage it paid for at the time it is needed. Plaintiff is suffering significant business losses and extra expenses as a result of the Orders, and coverage is vital to Plaintiff's ability to continue as a business.

32. Insurers throughout the country have been routinely denying coverage for business interruption losses associated with business closures resulting from "Stay at Home" orders or other orders that restrict the ability of non-essential businesses to conduct business. As a result, Plaintiff seeks a declaration of its rights and AmGUARD's obligations under the Policy.

6

A9

33. Plaintiff seeks a declaration that AmGUARD is obligated to provide business interruption and extra expense coverage under the Policy, including coverage under the Civil Authority provision.

34. In this respect, Plaintiff seeks declarations that:

   a. The Orders trigger coverage under the Policy;

   b. AmGUARD is obligated to provide business interruption coverage to Plaintiff;

   c. AmGUARD is obligated to provide extra expense coverage to Plaintiff;

   d. AmGUARD is obligated to provide coverage to Plaintiff under the Civil Authority provisions of the Policy;

   e. Plaintiff has a reasonable expectation of coverage for these losses under the Policy;

   f. The virus exclusion in the Policy does not apply to the losses asserted by Plaintiff; and

   g. Application of the virus exclusion in the Policy to Plaintiff's losses is void as against public policy and barred by regulatory estoppel.

35. Plaintiff is not seeking a determination of whether the Coronavirus was present in its business, the amount of Plaintiff's damages or any remedy other than the requested declaratory relief.

WHEREFORE, Plaintiff moves this Court to enter a declaratory judgment that AmGUARD is obligated to provide coverage to Plaintiff for business interruption and extra expense losses from the closure of its business as a result of the Orders, and that:

   a. The Orders trigger coverage under the Policy;

A11

    b.     AmGUARD is obligated to provide business interruption coverage to Plaintiff;

    c.     AmGUARD is obligated to provide extra expense coverage to Plaintiff;

    d.     AmGUARD is obligated to provide coverage to Plaintiff under the Civil Authority provisions of the Policy;

    e.     Plaintiff has a reasonable expectation of coverage for these losses under the Policy;

    f.     The virus exclusion in the Policy does not apply to the losses asserted by Plaintiff; and

    g.     Application of the virus exclusion in the Policy to Plaintiff's losses is void as against public policy and barred by regulatory estoppel.

Respectfully submitted,

**FERRARA LAW GROUP, P.C.**

DATE: March 14, 2022

BY: /s/ Ralph P. Ferrara
RALPH P. FERRARA, ESQUIRE
Attorney for Plaintiff BPC Management
LLC (d/b/a The Station Bar & Grill)

8

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to R. 4:25-4, Ralph P. Ferrara, Esquire is hereby designated as trial counsel.

**FERRARA LAW GROUP, P.C.**

DATE: March 14, 2022          BY: /s/ Ralph P. Ferrara
                              RALPH P. FERRARA, ESQUIRE
                              Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Please take notice that Plaintiff demands a trial by jury.

**FERRARA LAW GROUP, P.C.**

DATE: March 14, 2022          BY: /s/ Ralph P. Ferrara
                              RALPH P. FERRARA, ESQUIRE
                              Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that the matter in controversy is not the subject of any other pending action in any court or of a pending arbitration proceeding. No such other action or arbitration proceeding is contemplated. The undersigned is presently unaware of any other party who should be joined in the action. The undersigned recognizes a continuing obligation during the course of the litigation to file and serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

**FERRARA LAW GROUP, P.C.**

DATE: March 14, 2022          BY: /s/ Ralph P. Ferrara
                              RALPH P. FERRARA, ESQUIRE
                              Attorneys for Plaintiff

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-000471-22

| | |
|---|---|
| Case Caption: BPC RESTAURANT MANAGEMENT LLC VS AMGUARD INSURA | Case Type: CONTRACT/COMMERCIAL TRANSACTION |
| Case Initiation Date: 03/14/2022 | Document Type: Complaint with Jury Demand |
| Attorney Name: RALPH PETER FERRARA | Jury Demand: YES - 6 JURORS |
| Firm Name: FERRARA LAW GROUP, PC | Is this a professional malpractice case? NO |
| Address: 1 HOLTEC DR STE G102 | Related cases pending: NO |
| MARLTON NJ 08053 | If yes, list docket numbers: |
| Phone: 6095713738 | Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO |
| Name of Party: PLAINTIFF : BPC Restaurant Management LLC | Are sexual abuse claims alleged by: BPC Restaurant Management LLC? NO |
| Name of Defendant's Primary Insurance Company (if known): None | |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Business

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
  If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
  If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)

03/14/2022                                                                /s/ RALPH PETER FERRARA
Dated                                                                                    Signed

F NEW JERSEY
MENT OF BANKING AND INSURANCE
325
N, NJ 08625-0325

RETURN RECEIPT
REQUESTED



CERTIFIED MAIL

7020 0090 0001 9619 9188

AMGUARD INSURANCE COMPANY
ATTN: CORPORATE SECRETARY
PO BOX A-H
WILKES-BARRE PA  18703